LEVITT & KAIZER
ATTORNEYS AT LAW
40 FULTON STREET
23rd FLOOR
NEW YORK, NEW YORK 10038-5077

RICHARD WARE LEVITT*
rlevitt@landklaw.com

NICHOLAS G. KAIZER*
nkaizer@landklaw.com

ZACHARY SEGAL**
EMILY GOLUB
   of counsel
emilygolublaw@gmail.com

TELEPHONE
(212) 480-4000

FACSIMILE
(212) 480-4444

*   ADMITTED IN NY, FLA., AND D.C.
**  AWAITING NY ADMISSION

March 29, 2020

Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

              Re:    U.S. v. Castelle, 18 Cr. 15 (AKH)
                      Emergency Bail Application

Dear Judge Hellerstein:

       We represent Eugene Castelle on appeal from the judgment of conviction and sentence entered in the above-captioned case and respectfully submit this application to admit Mr. Castelle to bail pending appeal or, in the alternative, at least until the COVID-19 crisis has subsided. *See* 18 U.S.C. § 3143(b). This is Mr. Castelle's first application for such relief. For the reasons set forth below, we request that Mr. Castelle be admitted to bail pursuant to the same conditions that prevailed pretrial, *i.e.*, a $500,000 bond secured by two signatures, the surrender of travel documents, and his brother's Staten Island home – or pursuant to any conditions the Court deems appropriate, including house arrest and a monitoring device.

       We make this application in consideration of the fact that Mr. Castelle, who just turned 60, recently returned from Danbury Hospital after falling ill with pneumonia. Although he is recovering and is being monitored at Danbury, his previous medical history (*see* PSR at ¶¶ 124-25), combined with this most recent illness, strongly suggests he is an at-risk inmate, far more likely than others, to succumb to COVID-19 should he become infected.

       This is no mere hypothetical risk. Indeed, "[p]ublic health and corrections officials have issued dire warnings that cramped and unsanitary conditions could turn prisons into a haven for the virus, endangering not just inmates but also corrections officers and prison health-care workers as well as

their families and communities."[1] At least one Danbury staff member has already tested positive for COVID-19 and inevitably others will.[2] In fact, as we prepare to file this application we are informed – but have not been able to verity – <u>that as many as eight inmates may have contracted the disease</u>.

Although we presume the BOP is better able to manage this crisis than, say, New York City has managed the crisis in the city jails, we note that Riker's Island, as of Friday, March 27, had 103 positive tests among inmates, up from 73 the day before; this is as disaster waiting to happen.

As the Court knows, Mr. Castelle was admitted to bail, with conditions of house arrest and monitoring, during the pretrial and trial phases of this case, having initially been admitted to bail on January 12, 2018 with the Government's consent. Transcript of proceedings, January 12, 2018 at 3 (Doc 19, 108). Thereafter, on June 12, 2018, the Court modified bail to permit Mr. Castelle to leave home to work as a truck driver Sunday through Friday. *See* transcript of proceedings, June 12, 2018 (Doc 173, 182). Then, even after his conviction, on May 31, 2019 (for illegal gambling (Count One) and RICO conspiracy (Count Three), but acquittal of extortion (Count Two), the Court graciously permitted Mr. Castelle to remain at liberty for three weeks, to surrender June 17. (Tr. 912). Mr. Castelle did not abuse the Court's trust and there is no reason to believe he would do so now.

**<u>The Standard for granting bail pending appeal</u>**. The standard for granting bail pending appeal is well-established and requires a showing, by clear and convincing evidence, that the defendant is not a flight risk or a danger to the community, and presents a substantial question of law for review, *i.e.*, "close" question that might result in reversal or a significant reduction in sentence:

A convicted defendant who has been sentenced to imprisonment

---

[1] *See 'Disaster waiting to happen': Thousands of inmates released as jails and prisons face coronavirus threat*, The Washington Post (Mar. 25, 2020), at https://www.washingtonpost.com/national/disaster-waiting-to-happen-thousands-of-inmates-released-as-jails-face-coronavirus-threat/2020/03/24/761c2d84-6b8c-11ea-b313-df458622c2cc_story.html.

[2] We have discussed this application with the Government, which verified that Mr. Castelle in fact is recovering from pneumonia, but the Government nonetheless opposes release, arguing that the BOP can provide adequate care. We have sent Mr. Castelle HIPAA forms to execute and we understand he has signed and returned the forms to us, but we have not yet received them.

LEVITT & KAIZER  
ATTORNEYS AT LAW

Hon. Alvin K. Hellerstein  
March 29, 2020  
Page -3-

must be detained unless the Court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in ... reversal [or] ... an order for a new trial." 18 U.S.C. § 3143(b)(1)–(2). It is the defendant's burden to rebut the presumption in favor of detention by clear and convincing evidence. *See United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir.2004) (in the post-verdict, pre-sentencing context). If a defendant meets this substantial burden, bail pending appeal is mandatory. *See id.* (quoting 18 U.S.C. § 3143(a) for the post-verdict, pre-sentencing context, but the mandatory language in 18 U.S.C. § 3143(b) for the post-sentencing context is identical). For all the reasons stated in Silver's motion, the Court finds by clear and convincing evidence that Silver is unlikely to flee or pose a danger to the community. Def. Mem. 2-3. The Court also finds that delay is not the purpose of the appeal. Accordingly, only the second requirement for bail pending appeal is at issue.

The second requirement—that the appeal raises a substantial question of law or fact likely to result in a reversal or order for a new trial—does not mean that the district court must " 'predict the probability of reversal.' " *United States v. Randell*, 761 F.2d 122, 124 (2d Cir.1985) (quoting *United States v. Miller*, 753 F.2d 19, 23 (3d Cir.1985)). Instead, the requirement goes to " 'the significance of the substantial issue to the ultimate disposition of the appeal.' " *Id.* (quoting *Miller*, 753 F.2d at 23). To determine whether this requirement is satisfied, a court must first determine whether the question on appeal is substantial. *Id.* at 125. A substantial question is more than "frivolous" and " 'is a close question or one that very well could be decided the other way.' " *Id.* (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985)) (internal quotation marks omitted). If the question is substantial, a court "must then consider whether that question is 'so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.' " *Id.* (quoting *Miller,* 753 F.2d at 23). Put differently, the appeal must raise a substantial question that, if decided in defendant's favor, will likely result in a reversal or order for a new trial as to all counts for which a defendant has been sentenced to prison. *Id.* at 126.

LEVITT & KAIZER  
ATTORNEYS AT LAW

Hon. Alvin K. Hellerstein  
March 29, 2020  
Page -4-

*United States v. Silver*, 203 F. Supp. 3d 370, 376–77 (S.D.N.Y. 2016). Mr. Castelle satisfies this standard.

**No Danger to the Community**. The facts demonstrate by clear and convincingly evidence that Mr. Castelle is not a danger to the community. He was released on bail, with the Government's consent, pretrial and remained at liberty for some 15 months, having initially surrendered when notified the police were looking for him (Doc. 19, 108 at 13), and in fact was permitted to remain free even after conviction, thereafter surrendering without incident. Nothing has changed – other than his acquittal of extortion – that should alter the Court's previous view that he was bail-eligible. Indeed, his conviction and sentence, if anything, provides a strong disincentive for him to engage in any criminal activity as he knows his punishment for any new violation would be most severe. Furthermore, the posting of his brother's house as a condition of bail provides a significant safeguard against what is, in any event, the most remote risk of recidivism during the pendency of appeal.

**Not a Flight Risk**. For the same reasons Mr. Castelle is not a flight risk. Additionally, any residual risk of flight is substantially mitigated by the conditions of house arrest and a bracelet. Certainly, his susceptibility to disease, including COVID-19, provides a further disincentive for him to leave home in violation of his bail conditions.

**The Appeal raises, at the least, "close" questions that would require a new trial be granted or would likely result in a "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."** Annexed is Mr. Castelle's brief, which was filed in the Second Circuit on March 9, 2020. Mr. Castelle raises on appeal the following issues:

I. MOST OF AGENT CARILLO'S "EXPERT" TESTIMONY WAS IMPROPER BECAUSE IT DID NOT CONCERN "SCIENTIFIC, TECHNICAL, OR OTHER SPECIALIZED KNOWLEDGE," WAS WRONGLY TETHERED TO THE GOVERNMENT'S FACTUAL THEORIES OF GUILT, AND ESSENTIALLY PARROTED INFORMATION CARILLO LEARNED FROM DEBRIEFING INFORMANTS AND COOPERATORS, IN VIOLATION OF CASTELLE'S SIXTH AMENDMENT CONFRONTATION RIGHTS

II. THE TRIAL COURT'S RULING FORBIDDING CROSS-EXAMINATION OF JOHN PENNISI REGARDING HIS MANSLAUGHER CONVICTION AND HIS HAVING KNOCKED

LEVITT & KAIZER  
ATTORNEYS AT LAW

Hon. Alvin K. Hellerstein  
March 29, 2020  
Page -5-

OUT HIS GIRLFRIEND'S TEETH BECAUSE HE BELIEVED SHE WAS HAVING AN AFFAIR WITH CASTELLE DENIED CASTELLE HIS RIGHT TO CONFRONT PENNISI AND TO IMPEACH HIM WITH A SPECIFIC MOTIVE TO LIE

III.   COUNT THREE (RICO CONSPIRACY) MUST BE REVERSED BECAUSE ONE OR MORE OF THE CHARGED RACKETEERING ACTS COULD NOT HAVE PROPERLY BEEN FOUND "PROVED"

IV.   THE DISTRICT COURT LACKED SUFICIENT EVIDENCE TO INCREASE CASTELLE'S GUIDELINES BY SIX OFFENSE LEVELS BASED ON THE UNCHARGED EXTORTION OF ANTHONY GRECCO

We of course expect the Government to argue that the foregoing issues lack merit, yet we respectfully suggest that this Court's objective review of them will lead it to conclude, at the least, that they are not interposed for purposes of delay and they present, "close" issues that can go either way.

As noted, we had not previously sought bail pending appeal. However, the present crisis, combined with Mr. Castelle's recent bout with pneumonia and the positive COVID-19 test of a Danbury staff member (and upon information and belief, at least 8 inmates), have created grave concern that Mr. Castelle is at grave risk and is vulnerable to the worse effects of COVID-19 should he contract the disease. We understand the force of inertia and the instinct to keep a defendant incarcerated once he surrenders post-conviction. However, we are in the midst of a crisis that calls for flexibility, particularly for persons, such as Mr. Castelle, who are uniquely vulnerable. We therefore respectfully ask the Court to admit Mr. Castelle to bail, either for the duration of the appellate proceedings or, at least, until the present crisis subsides.

Thank you for considering this application.

Respectfully submitted,

*Richard Levitt*

Richard Levitt

Enc.  
cc:   AUSA Jacob Fiddleman

LEVITT & KAIZER
ATTORNEYS AT LAW

Hon. Alvin K. Hellerstein
March 29, 2020
Page -6-