

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 6, 2021

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

The Defendant shall surrender to the facility designated by BOP three business days after such designation, at 2:00 p.m. that date.

So ordered,
/s/ Hon. Alvin K. Hellerstein
Jan. 7, 2021

Re:   *United States v. Eugene Castelle*, S7 18 Cr. 15 (AKH)

Dear Judge Hellerstein:

As the Court is aware, defendant Eugene Castelle was convicted after trial of racketeering offenses related to his role as a soldier in the Luchese Crime Family. On October 17, 2019, the Court sentenced the defendant to an above-Guidelines term of 77 months imprisonment and a $100,000 fine. On March 31, 2020, the Court granted the defendant bail pending appeal in light of the severe COVID-19 outbreak at FCI Danbury, where the defendant was serving his sentence at the time. Since his release on bail pending appeal, the defendant has contracted and recovered from COVID-19.

On December 2, 2020, the Second Circuit issued a summary order affirming the judgment of conviction in all respects. On December 30, 2020, the Second Circuit summarily denied the defendant's petition for rehearing, and the mandate issued earlier today. Accordingly, the defendant's bail pending appeal has naturally expired and he is required to re-surrender to Bureau of Prisons custody forthwith.

The Government has reached out to defense counsel to determine whether a surrender process could be agreed upon, but defense counsel indicated that the defense intends to seek extended bail pending a contemplated motion for compassionate release, or bail pending a petition for a writ of certiorari, or an otherwise extended surrender date. The Government respectfully submits that bail pending a motion for compassionate release is not a legally cognizable request, bail pending certiorari is not appropriate in this case, and the Court no longer has the authority under the Bail Reform Act to order an extended surrender date under 18 U.S.C. § 3143(a) because the defendant is no longer "awaiting execution of sentence." In any event, any further extension of bail would be unwarranted, because the defendant poses a substantial danger to the safety of the community for all the reasons the Court relied on in imposing an above-Guidelines sentence of 77 months' imprisonment, and the defendant no longer faces a substantial risk of danger from COVID-19 while incarcerated given that he has already contracted and recovered from it.

      Accordingly, the Government respectfully requests that the Court direct the defendant to re-surrender to BOP custody by Monday, January 11, 2021 at 2:00 p.m. Further detail as to where the defendant should surrender (FCI Danbury, MCC New York, or some other location) will be provided to the defendant as soon as possible. If the defendant files a request for any extension of this surrender date or otherwise seeks extended bail, the Government respectfully requests an opportunity to submit a more detailed written opposition.

      Respectfully submitted,

      AUDREY STRAUSS
      Acting United States Attorney

by: _____
      Jacob R. Fiddelman
      Assistant United States Attorney
      (212) 637-1024