```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
                                                                :
UNITED STATES OF AMERICA,                                       :    ORDER DENYING MOTION
                                                                :    TO REDUCE SENTENCE
     -against-                                                  :
                                                                :    18 Cr. 15 (AKH)
EUGENE CASTELLE,                                                :
                                                                :
                              Defendant.                        :
                                                                :
--------------------------------------------------------------- x
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

Defendant Eugene Castelle moves to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A). Castelle contends that his current health conditions, the conditions of his confinement, and the needs of his children constitute "extraordinary and compelling" circumstances warranting compassionate release. *See* ECF No. 744. The Government opposes Castelle's motion, because he has not demonstrated "extraordinary and compelling" reasons for compassionate release, and the 18 U.S.C. § 3553(a) sentencing factors do not warrant a reduction in sentence. *See* ECF No. 749. For the reasons discussed below, Castelle's motion is denied.

## Background

On May 31, 2019, Defendant Eugene Castelle was convicted by a jury of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and running an illegal gambling business, in violation of 18 U.S.C. § 1955. The evidence at trial established that Castelle is a longtime active member of the Luchese Crime Family of La Cosa Nostra. *See* Presentence Investigation Report ("PSR") ¶ 52. Castelle was convicted after his release from prison in 2008, following a previous conviction of racketeering conspiracy with the Luchese Crime Family, for which he received an 88-month sentence. *See* Case No. 01 Cr. 1167 (E.D.N.Y.). On June 19, 2019, the Court sentenced Castelle to an above-Guidelines sentence of 77 months'

imprisonment, to be followed by three years' supervised release, a $100,000 fine, and forfeiture of $188,955 in criminal proceeds. *See* Judgment, ECF No. 659. At sentencing, Castelle refused to acknowledge any responsibility for his conduct, denied his guilt, and expressed no remorse for his crimes. *See* Tr. 26–28. In imposing the sentence, the Court noted Castelle's "unwillingness to be redeemed" and concluded that Castelle required significant deterrence in light of his immediate return to the Luchese Crime Family after his prior conviction. *See* Tr. 28–29.

Castelle timely appealed. Pending appeal, on March 29, 2020, Castelle filed an emergency motion for bail in light of the COVID-19 pandemic. *See* ECF No. 672. In that motion, Castelle asserted that he recently contracted pneumonia, and given this illness, his age, and other risk factors, he was at risk of serious complications if he were to contract COVID-19. *See* ECF. Nos. 669, 670, 672. The Court granted Castelle bail pending appeal. *See* ECF No. 673. In April 2020, shortly after his release from custody, Castelle tested positive for COVID-19 and was sick for several additional weeks. ECF Nos. 677, 682. On December 2, 2020, the Second Circuit summarily affirmed his conviction and sentence. *See* ECF No. 738. Castelle requested to remain on bail pending an anticipated motion for compassionate release. *See* ECF No. 738. The Court denied, ordering Castelle's immediate surrender into custody. *See* ECF No. 739. Castelle is currently serving his sentence at FCI Danbury, with a projected release date including anticipated good-time credit of September 10, 2025.

On February 23, 2021, Castelle moved under 18 U.S.C. § 3582(c)(1)(A) to reduce his sentence, claiming that his current health conditions place him at severe risk of complications if he were to contract COVID-19 for a second time, that the Bureau of Prisons ("BOP") cannot be trusted to protect his health, and that his children need him at home. *See* Def. Mtn., ECF No. 744. For the reasons that follow, Castelle's motion is denied.

**Discussion**

Section 3582 of Title 18 of the U.S. Code permits a court to modify a term of imprisonment "upon motion of the defendant" provided the defendant has exhausted certain administrative requirements. 18 U.S.C. § 3582(c)(1)(A). Under these circumstances, a court may reduce the defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). In doing so, the Court must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). "Application of the § 3553(a) factors requires an assessment of whether the relevant factors 'outweigh the "extraordinary and compelling reasons" warranting compassionate release . . . [and] whether compassionate release would undermine the goals of the original sentence.'" *United States v. Daugerdas*, --- F. Supp. 3d ---, No. 09 Cr. 581 (WHP), 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020) (alterations in original) (quoting *United States v. Ebbers*, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020)).

In the Second Circuit, the policy statement issued by the U.S. Sentencing Commission pertaining to compassionate release, section 1B1.13 of the Sentencing Guidelines, "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020). "However, courts remain free – even after *Brooker* – to look to § 1B1.13 for guidance in the exercise of their discretion." *United States v. Burman*, No. 16 Cr. 190 (PGG), 2021 WL 681401, at *5 (S.D.N.Y. Feb. 21, 2021) (internal quotation marks omitted); *see also United States v. Seng*, No. S5 15-CR-706 (VSB), 2021 WL 961749, at *2 (S.D.N.Y. Mar. 15, 2021).

The relevant policy statement provides that a reduction is allowed if "[e]xtraordinary and compelling reasons warrant the reduction" or "defendant is not a danger to

the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

U.S.S.G. § 1B1.13. So far as is pertinent here, the Application Notes to that policy statement

provide that a defendant can make a showing of an "extraordinary and compelling reason" by

demonstrating severe medical infirmity as follows:

> (A) Medical Condition of the Defendant.—
>
>> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is—
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1. The moving party bears the burden of proving that

extraordinary and compelling reasons exist. *See United States v. Ebbers*, 432 F. Supp. 3d 421,

426–27 (S.D.N.Y. 2020) (citing *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)) ("A

party with an affirmative goal and presumptive access to proof on a given issue normally has the

burden of proof as to that issue."); *see also United States v. Clarke*, No. 09 Cr. 705 (LAP), 2010

WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010) ("[I]f the defendant seeks decreased punishment,

4

he or she has the burden of showing that the circumstances warrant that decrease.") (quoting *Butler*, 970 F.2d at 1026); *cf. United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

Castelle is unable to meet his burden to show that the Section 3553(a) factors and "extraordinary and compelling reasons" warrant reducing his sentence. As to the Section 3553(a) factors, the Court finds that reducing Castelle's sentence would fail to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," or to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). The crimes here—racketeering conspiracy and operation of illegal gambling business—were undoubtedly serious. Castelle was a longtime member of the Luchese Crime Family and extracted hundreds of thousands of dollars from vulnerable businesses and individuals around him through explicit and implicit threats of violence and economic harm. *See* PSR ¶¶ 53, 54. Nor was this Castelle's first brush with the law. *See id.* at ¶ 99. In 2002, Castelle was convicted of racketeering conspiracy with the same criminal organization involving some of the same underlying predicate racketeering acts. *See id.* Castelle remained undeterred following his previous conviction and a sentence of 88 months. *See id.* And if that were not enough, the fact that Castelle has served only a small portion of his total sentence further persuades me that release at this time would be unfaithful to Section 3553(a). Reducing his sentence from 77 months to, effectively, 12, would dilute the sentence's deterrent effect and fail to adequately promote respect for the law. *See, e.g.*, *United States v. Seshan*, No. 14 Cr. 620, 2020 WL 2215458, at *4 (S.D.N.Y. May 6, 2020) (denying motion for compassionate release where, *inter alia*, defendant had served only a small portion of the overall sentence); *compare United States v. Copeland*, No. 02 Cr. 1120, 2020 WL 2537250, at *2 (E.D.N.Y. May 19, 2020) (granting the motion for release when applicant had served "229 months (or 81.8%) of a 280-month sentence"). For the same reasons that

necessitated Castelle's 77-month sentence, which are incorporated by reference here, the Court finds that modifying his term of incarceration would disserve the above important sentencing factors.

      Castelle has also failed to articulate a sufficiently extraordinary or compelling reason why his sentence should be modified. To be sure, the Court is sympathetic to the heightened risk certain individuals face from COVID-19. *See People at Increased Risk*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last visited Mar. 26, 2021). I do not take lightly that Castelle had been diagnosed with obesity, asthma, and lung scarring, and that some of these ailments, along with Castelle's age, may be COVID-19 risk factors. *See id.* "The current COVID-19 pandemic is an unprecedented worldwide catastrophe. But it does not warrant the early release of sentenced inmates in federal prisons convicted of serious, dangerous offenses, like [Castelle], whose medical conditions and risk of contracting the virus cannot be deemed 'extraordinary and compelling.'" *United States v. Mood*, No. 19 Cr. 113 (VB), 2020 WL 3256333, at *1 (S.D.N.Y. June 16, 2020) (denying release to 53-year-old with diabetes, hypertension, and obesity where "[t]here is no question that [the defendant] has health issues, but his condition is stable and has been effectively managed by routine monitoring and medication"). Castelle's claim that the COVID-19 pandemic poses a significant risk that necessitates his immediate release is further belied by the fact that he has already contracted the virus and that he has been offered and refused the COVID-19 vaccine. *See, e.g.*, *United States v. Mascuzzio*, No. 16 Cr. 576 (JFK), 2021 WL 794504, at *3 (S.D.N.Y. Mar. 2, 2021) (noting that the court would be "hard-pressed to conclude" that the risk to defendant's health constituted extraordinary and compelling reasons for release in light of his "voluntary refusal of an approved vaccine that is highly effective at

6

preventing COVID-19 and may also help keep him from getting seriously ill even if he did get COVID-19"); *United States v. Bryant*, No. 06 Cr. 17 (LTS), 2021 WL 738838, at *2 (S.D.N.Y. Feb. 24, 2021) (concluding that the defendant's "refusal to accept a risk-mitigating measure, even one with a period of delay in its efficacy, is relevant to whether the risk of infection he faces in the MDC is extraordinary and militates against finding that the degree of risk compels release"). But even bracketing, without deciding, the Government's representations that the Danbury facility has made major strides in its response to the virus,[1] I cannot conclude that release is proper. Castelle committed a serious crime while an active participant in an organized crime family, remained undeterred by a previous 88-month sentence, has served only a small portion of his current sentence, and could endanger the community upon release. Indeed, "release would provide an undue windfall that would severely undermine . . . the sentence this Court imposed." *United States v. Brady*, No 18 Cr. 316, 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020).

In sum, Castelle's motion to reduce his sentence is denied. The Clerk of Court shall terminate the open motion (ECF No. 744).

SO ORDERED.

Dated:   March 30, 2020                     _____/s/_____
         New York, New York                 ALVIN K. HELLERSTEIN
                                            United States District Judge

---

[1] The Government represents that, at present, the BOP reports zero confirmed cases of COVID-19 among the approximately 800 Danbury inmates, and 76 inmates and 122 staff members at Danbury have now been fully vaccinated. *See* Gov't Opp'n (ECF No. 749), at 8–9.