## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Southern Dist. NY | |
|---|---|---|
| Name (under which you were convicted):<br>Eugene Castelle | | Docket or Case No.:<br>18Cr15(S-7)(AKH) |
| Place of Confinement:<br>FCI Danbury | | Prisoner No.:<br>06633-748 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted)<br>EUGENE CASTELLE | |
| v. | | |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

(b) Criminal docket or case number (if you know): 18 Cr 15(S-7_(AKH)

2. (a) Date of the judgment of conviction (if you know): Oct. 17, 2019

(b) Date of sentencing: Oct. 17, 2019

3. Length of sentence: 77 months

4. Nature of crime (all counts): Illegal gambling; extortion attempt; racketeering conspiracy

5. (a) What was your plea? (Check one)

(1)  Not guilty ☒ X       (2)  Guilty ☐       (3)  Nolo contendere (no contest) ☐

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)       Jury ☐ X X       Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☐XX

8. Did you appeal from the judgment of conviction?    Yes ☐XX    No ☐

9. If you did appeal, answer the following:

   (a) Name of court: U.S. Court of Appeals for the Second Circuit

   (b) Docket or case number (if you know):  19-3560

   (c) Result:  affirmed

   (d) Date of result (if you know): Dec. 2, 2020

   (e) Citation to the case (if you know): 856 Fed. Appx 43 (2d. Cir. 2020)

   (f) Grounds raised:
   evidence improperly excluded; govt. agent improperly permitted
   to testify as expert witness; improper jury instructions;
   and district court improperly inflated guidelines by 6 levels
   based on extortion enhancement.

   (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☐XX

      If "Yes," answer the following:

      (1) Docket or case number (if you know):    N/A

      (2) Result:    N/A

      (3) Date of result (if you know):    N/A

      (4) Citation to the case (if you know):    N/A

      (5) Grounds raised:    N/A

10. Other than the direct appeals listed above, have you previously filed any other motions,

    petitions, or applications concerning this judgment of conviction in any court?

       Yes ☐XX No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: U.S. District Court, Southern Dist. of NY

       (2) Docket or case number (if you know): 18 Cr 15 (S-7)(AKH)

       (3) Date of filing (if you know):
          last year.

(4) Nature of the proceeding:   MOTION FOR COMPASSIONATE RELEASE

(5) Grounds raised:

      Requested release based on COVID-19.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐ No ☒X

(7) Result: Denied

(8) Date of result (if you know):   March, 2021

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court:   N/A

    (2) Docket or case number (if you know):  N/A

    (3) Date of filing (if you know):   N/A

    (4) Nature of the proceeding:   N/A

    (5) Grounds raised:   N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☐   N/A

(7) Result:   N/A

(8) Date of result (if you know):   N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:   Yes ☐   No ☐ N/A

    (2) Second petition:   Yes ☐   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly

why you did not:   No grounds on which to appeal.


12. For this motion, state every ground on which you claim that you are being held in violation of the

Constitution, laws, or treaties of the United States.  Attach additional pages if you have more

than four grounds. State the facts supporting each ground.


**GROUND ONE:**   MOVANT DENIED THE EFFECTIVE ASSISTANCE
OF COUNSEL DURING PLEA NEGOTIATION

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(i) Prior to trial, movant's attorney advised him of the government's plea
offer of 8 to 14 months imprisonment. (See Exhibit A) Movant rejected the plea
offer based on counsel's advice that he faced a guideline sentence of 33 to 41
months imprisonment if he was convicted after a jury trial of illegal gambling
and racketeering conspiracy charged in Counts 1 and 3 of the indictment,
respectively, but acquitted of attempted extortion charged in Count 2. (See
Exhibit B) Movant was ultimately acquitted of Count 2. (ii) Counsel's advice
to movant that he faced 33 to 41 months upon conviction after trial on Counts
1 and 3 was wrong. (iii) At sentencing, the Court applied U.S.S.G. Section
2E1.1(a), Application Note 1, resulting in a 6 level increase in the movant's
adjusted offense level, ....yielding a guideline range topping at 63 months
imprisonment. (Sentencing Tr., 10-17-19, p. 4, 29). (iv) Through minimal
research, trial counsel could have ascertained that the movant's base offense
level upon conviction of Count 3 after trial would be determined by Section
2E1.1(a), Application Note 1. (v) Pointedly, had counsel accurately advised
movant, he would have accepted the government's 8 to 14 month plea offer.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Not cognizable on direct appeal.


(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:  N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐   N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐   N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐   N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know):

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):
N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: Not cognizable in such motion.

**GROUND TWO:** N/A

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

N/A

**(b) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐   N/A

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐   N/A

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:   N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:   N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐   N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐   N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐   N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:   N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

**GROUND THREE:** N/A

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐        N/A

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐       N/A

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:        N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐     N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐     N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐  N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   N/A

Docket or case number (if you know):

Date of the court's decision:  N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:   N/A

**GROUND FOUR:**        N/A

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☐    N/A

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☐    N/A

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:   N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know):   N/A

Date of the court's decision:   N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐    N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☐    N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐    N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:   N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: Ground One. Only cognizable in this proceeding.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐   No ☐ XX

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: N/A

(b) At arraignment and plea: Gerald J. McMahon

(c) At trial: Gerald J. McMahon

(d) At sentencing: Gerald J. McMahon

(e) On appeal:    Richard Ware Levitt

(f) In any post-conviction proceeding:    Richard Ware Levitt

(g) On appeal from any ruling against you in a post-conviction proceeding:
     N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐ No ☒x
    (a)  If so, give name and location of court that imposed the other sentence you will serve in the future:


    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐ No ☐   N/A

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you
must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not
bar your motion.*

N/A

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section.  The limitation period
shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in
violation of the Constitution or laws of the United States is removed, if the movant was
prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if
that right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been
discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Restore movant with opportunity to accept plea bargain.

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

(month, date, year). May 17, 2021

Executed (signed) on  May 17, 2021  (date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

MOVANT'S EXHIBIT A

(excerpt from Sentencing Transcript of October 17, 2019, at page

20, in Case No. 18 Cr 15(S-7)(AKH) )
*****************************************************************

JAHYCASS

1    your Honor, and Mr. Montevecchi got 31 months from your Honor.

2            Why is it that Mr. Castelle, who is at the bottom end

3    of the rung -- he was defendant number 10, 10 of a

4    ten-defendant indictment.

5            Why does the government ask for 96 months for him

6    above the guidelines when your Honor has sentenced Tropiano to

7    41 and Montevecchi to 30?

8            THE COURT:  Each one was sentenced on their own

9    merits.

10           MR. McMAHON:  I understand, Judge.

11           THE COURT:  Some because of illness; some because of

12   lesser deeds but all on their own merits.

13           MR. McMAHON:  Judge, I understand that.  My client

14   has --

15           THE COURT:  Mr. Sabella got 87 months.

16           MR. McMAHON:  Yes, Judge.  He was defendant number 2

17   or 3.  He was the leader of that whole enterprise.  They don't

18   these things accidentally.  My client was number 10 for a good

19   reason.

20           THE COURT:  I don't think the sequence of the

21   indictment -- it doesn't make any difference.  The government

22   doesn't assign a greater or lesser importance according to the

23   sequence of names in the indictment.

24           MR. McMAHON:  Your Honor, I do think that the

25   government's request of 96 months, an above-guideline sentence,

1    partly has to do with my client turning down an 8- to 14-month

2    gambling plea offer and going to trial.

3           My client wanted a trial.  Notwithstanding what his

4    attorney recommended, my client wanted a trial, and he got a

5    trial.  So now the government has come in here out of the blue

6    and asked for an above-guideline sentence.

7           Your Honor, I would have to think that that's somewhat

8    rare.  They don't often ask for an above-guideline sentence.

9           THE COURT:  I'm very bothered by the recidivism.  I'm

10   really bothered by that.  88 months is a stiff sentence.  It's

11   7 1/4 years -- maybe there was some time left off for good

12   behavior -- and there was three years of supervised release.

13          I believe in the redemption of people, but

14   Mr. Castelle has shown that he doesn't want to be redeemed.  He

15   had options when he got out of jail.  He didn't have to revert

16   to Lucchese.

17          He could have retired himself from the gang.  He could

18   have made a living elsewhere.  He didn't have to be involved in

19   the gang.  It probably didn't add to the income he made but was

20   a way of life.

21          This is what bothers me.  It's a way of life.  It's a

22   way of life living as a member of a gang that does business by

23   illegal means of various kinds.  This illegal means was less

24   than the illegal means in the Brooklyn case but gang operated,

25   gang motivated at a time when Mr. Castelle should have known

MOVANT'S EXHIBIT B
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


(Affidavit of Gerald J. McMahon, Esq.)
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA          :          18 Cr. 15 (S-7) (AKH)

          -against-                              :          **DECLARATION OF**
                                                            **GERALD J. McMAHON**


EUGENE CASTELLE,                     :

                    Defendant.              :

-------------------------------------------------------x


GERALD J. McMAHON, pursuant to Title 28, United States Code, § 1746,

hereby declares under penalty of perjury:

1. I am an attorney duly admitted to the practice of law in the State of New York and

to the Bar of this Court.

2. I represented defendant Eugene Castelle at the trial of this matter.

3. Prior to trial, I estimated to Mr. Castelle that he was facing approximately 33 to 41

months imprisonment, pursuant to the Federal Sentencing Guidelines, if he were convicted

after trial of gambling and racketeering conspiracy but acquitted of extortion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 10, 2021.


Gerald J. McMahon

Mr. Eugene Castelle
Reg. No. 0633-748
Federal Correctional Institution
33 1/2 Pembroke Road
Danbury, CT 06811

Clerk
United States District
500 Pearl Street,
N.Y., N.Y. 10007-



RECEIVED
MAY 24 2021
CLERK'S OFFICE
S.D.N.Y.

FOREVER / USA
FOREVER / USA