UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

EUGENE CASTELLE,                :        21 Civ. 4694 (AKH)

               Movant,          :        18 Cr. 15-10 (AKH)

      -against-                        :        **DECLARATION OF**
                                                                    **GERALD J. McMAHON**

UNITED STATES OF AMERICA,       :

               Respondent.      :

---------------------------------------------------------x

      GERALD J. McMAHON, pursuant to Title 28, United States Code, § 1746, hereby declares under penalty of perjury:

      1. I am an attorney duly admitted to the practice of law in the State of New York and to the Bar of this Court.

      2. I represented defendant Eugene Castelle at the trial of this matter.

      3. This Declaration is submitted pursuant to the Order to Answer of this Court (ECF No. 769) directing that I respond to the allegations made by Mr. Castelle in his motion brought under 28 U.S.C. § 2255 (ECF No. 767) ("Motion").

      4. In his Motion, Castelle claims that he is entitled to relief because I provided ineffective assistance of counsel during plea negotiations. Motion, ¶ 12(a).

      5. Specifically, Castelle claims that he rejected the government's plea offer with Guidelines of 8-14 months because of "Counsel's advice to Movant that he faced 33 to 41

months upon conviction after trial on Counts 1 and 3 ... (....) Pointedly, had counsel accurately adviced movant [that the Guidelines would be 51-63 months], he would have accepted the government's 8 to 14 month plea offer."

6. Castelle's assertions are factually incorrect.

7. Whether the post-trial Guidelines were 33-41 months, 51-63 months, or some different numbers entirely, the fact is that Castelle wanted a trial, regardless.

8. Having just triumphed (with the undersigned as counsel) in a racketeering case in Brooklyn Supreme Court, which included among other charges the gambling case with co-defendant Anthony Greco, Castelle wanted a dismissal or trial in SDNY.

9. The excerpt of the sentence minutes, that are appended to the Motion as Exhibit A, confirms that fact:

> My client wanted a trial. Notwithstanding what his attorney recommended [I had strongly recommmended that he accept the government's 8-14 month plea offer], my client wanted a trial, and he got a trial.

Motion, Exhibit A, Tr. 20.

10. The **"estimate"** (33-41 months) that I provided to Castelle of what the Guidelines would be if he were convicted at trial of Counts 1 and 3, was a reasonable estimate.

11. The difference between that estimate, and the Guidelines found by this Court (51-63 months), arises from the fact that this Court increased the offense level finding that Castelle extorted his gambling partner (and former state court co-defendant) Anthony Greco.

12. Since no jury found that Castelle extorted Greco, and since the SDNY prosecutors did not even charge Castelle with extorting Greco, it certainly was not unreasonable or

2

"wrong" (Motion, ¶ 12(a)(ii)) for counsel not to anticipate such an unwarranted – indeed, made-up – enhancement.

13. Finally, when I provided my estimate of the post-trial Guidelines to Castelle, I emphasized they were just an estimate, that the government was likely to ask for more, and that this Court could sentence him to anywhere between 0-20 years.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 9, 2021.

_____
Gerald J. McMahon

3