

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 12, 2021

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Eugene Castelle*, S7 18 Cr. 15 (AKH)

Dear Judge Hellerstein:

      The Government respectfully submits this letter in opposition to defendant Eugene Castelle's *pro se* motion for bail pending resolution of his Section 2255 motion to vacate his conviction and sentence. (Dkt. 783). The motion for bail should be summarily denied.

      Although not contemplated by statute, district courts have inherent authority to release on bail a Section 2255 movant in extraordinary circumstances. *See Illarramendi v. United States*, 906 F.3d 268, 271 (2d Cir. 2018); *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001). "[T]his power is a limited one," however, "to be exercised in special cases only." *Mapp*, 241 F.3d at 226. The petitioner must demonstrate that the habeas petition "raises substantial claims," that he is likely to succeed on the merits of the petition, and that "extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective." *Id.* (internal citations omitted); *see, e.g.*, *Boddie v. N.Y. State Div. of Parole*, No. 08 Civ. 9287 (LAP) (DF), 2009 WL 1531595, at *1 (S.D.N.Y. May 28, 2009) (collecting cases); *Richard v. Abrams,* 732 F. Supp. 24, 25 (S.D.N.Y. 1990) (noting that essential factor "is the necessity that the petition present merits that are more than slightly in petitioner's favor"). Bail is only "necessary to make the habeas remedy effective" where the very purpose of the habeas action would be mooted or otherwise defeated without immediate interim relief. *See, e.g.*, *Coronel v. Decker*, 449 F. Supp. 3d 274, 289 (S.D.N.Y. 2020) ("The aim of the deliberate indifference claim is to ensure constitutionally adequate protection from COVID-19 in light of Petitioners' underlying health conditions. . . . [T]here is a likelihood that Petitioners are being subjected to unconstitutional conditions of confinement, and [] the risks posed by COVID-19 are imminent. If Petitioners were to remain detained, they would face a significant risk that they would contract COVID-19—the very outcome they seek to avoid. Release is therefore necessary to 'make the habeas remedy effective.'").

      In this case, Castelle fails to satisfy any of the requirements for the extraordinary remedy of bail pending resolution of a habeas petition. First, the underlying petition is meritless. For the reasons set forth in the Government's opposition to the petition, Castelle's claim that he received ineffective assistance of counsel fails because (1) counsel did not render constitutionally

deficient performance in advising Castelle about a pretrial plea offer from the Government, and (2) Castelle suffered no prejudice because the record makes plain that he would have elected to proceed to trial in any event. (*See* Dkt. 775 (Gov't Mem. of Law)). Absent cause to believe the Court is likely to grant Castelle relief on the merits, bail pending resolution of the petition is unwarranted.[1]

Second, Castelle has not identified any extraordinary circumstances that make this case one of those "special cases" deserving of this rare and limited remedy, let alone circumstances rendering interim relief "necessary to make the habeas remedy effective." *Mapp*, 241 F.3d at 226. There is nothing special or extraordinary about Castelle's petition; it is a routine motion from a convicted trial defendant attempting without any basis in fact to obtain a second bite at the apple. In any event, bail is not necessary to make any ultimate habeas remedy effective. Bail in this context is typically reserved for claims related to ongoing severe health issues or other challenges to the conditions of confinement, where the entire purpose of the habeas action would be mooted or otherwise frustrated absent immediate relief. *See, e.g.*, *Coronel*, 449 F. Supp. 3d at 289. Unlike those cases, Castelle's petition seeks to vacate his conviction and replace it with a conviction for a less-serious offense pursuant to a rejected plea offer. Nothing about those circumstances would be mooted or otherwise defeated by his continued incarceration while the Court considers the petition. Although Castelle argues that he has already been in custody for longer than the Sentencing Guidelines would have recommended had he hypothetically accepted that plea offer, that does not mean that continued incarceration would ultimately deprive this Court of the ability to grant the relief he seeks. And the Sentencing Guidelines are only one of many factors this Court considers at sentencing under 18 U.S.C. § 3553(a); this Court sentenced Castelle to a substantially above-Guidelines term of imprisonment after consideration of all the facts and circumstances.

---

[1] Castelle's reference to this Court's prior order granting him bail pending appeal is misplaced for several reasons. First, this Court's decision was driven primarily by the then-uncontrolled outbreak of COVID-19 at the facility in which Castelle was housed and Castelle's unique medical vulnerabilities at the time. Second, the claims that were asserted on that appeal (all of which have since been summarily rejected by the Second Circuit (Dkt. 736)) are entirely different from the ineffective assistance argument Castelle now makes in his Section 2255 motion. Third, the two requests for bail are governed by very different legal standards, and bail pending habeas is a significantly more difficult standard to meet. This Court's prior grant of bail pending appeal is not relevant to the instant bail request.

      Accordingly, because Castelle's petition does not raise any substantial claims, he is unlikely to succeed on the merits, and interim relief is not necessary to make any ultimate remedy effective, Castelle's motion should be denied.

      Respectfully submitted,

      DAMIAN WILLIAMS
      United States Attorney

by: _____
      Jacob R. Fiddelman
      Assistant United States Attorney
      (212) 637-1024

cc:    Eugene Castelle, Reg. No. 00633-748
       FCI Danbury
       Route 37
       Danbury, CT 06811