UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------  X
                                                         :
UNITED STATES OF AMERICA,                                :
                                                         :
                                    Plaintiff,           :
                                                         :          18 Cr. 15 (AKH)
            -against-                                    :
                                                         :
EUGENE CASTELLE,                                         :
                                                         :
                                    Defendant.           :
                                                         :
-------------------------------------------------------  X
                                                         :
EUGENE CASTELLE,                                         :
                                                         :          21 Civ. 4694 (AKH)
                                    Petitioner,          :
                                                         :
            -against-                                    :
                                                         :          ORDER AND OPINION
                                                         :          DENYING WRIT OF HABEAS
UNITED STATES OF AMERICA,                                :          CORPUS
                                                         :
                                    Defendant.           :
                                                         :
-------------------------------------------------------  X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

On May 1, 2019, Petitioner[1] Eugene Castelle ("Petitioner") was charged in a

superseding indictment with participating in an illegal gambling business, in violation of 18

U.S.C. § 1955, attempted extortion, in violation of 18 U.S.C. § 1951, and participating in a

racketeering conspiracy, in violation of 18 U.S.C. § 1962(d).  The indictment followed

Petitioner's rejection of a plea offer extended by the Government, that, if accepted, would have

allowed Petitioner to plead guilty to only the illegal gambling count, and to dismiss the attempted

---

[1] Even though Castelle's motions appear on the criminal docket for his case, Castelle seeks relief under Section 2255, which provides a civil cause of action to collaterally attack a criminal conviction.  Accordingly, I use the term "Petitioner" to refer to Castelle, as is customary in petitions for a writ of habeas corpus.

extortion and racketeering counts.  Petitioner proceeded to trial and was ultimately convicted.

He now moves, pursuant to 28 U.S.C. § 2255 to vacate or reduce his sentence of 77 months'

imprisonment for racketeering conspiracy and related offenses, and has also moved for release

on bond pending the outcome of petition.  For the reasons discussed below, Castelle's § 2255

petition and the related motion for release on bond are denied.

BACKGROUND

On May 31, 2019, Castelle was convicted by a jury of racketeering conspiracy, in

violation of 18 U.S.C. § 1962(d), and running an illegal gambling business, in violation of 18

U.S.C. § 1955.  The evidence at trial established that Castelle is a longtime active member of the

Luchese Crime Family of La Cosa Nostra.  Castelle was convicted after his release from prison

in 2008, following a previous conviction of racketeering conspiracy with the Luchese Crime

Family, for which he received an 88-month sentence.  *See* Case No. 01 Cr. 1167 (E.D.N.Y.).

After his release in 2008, Castelle returned to criminal enterprises.  Specifically, Castelle took

over an illegal sports gambling business established and operated on a day-to-day basis by a

bookmaker named Anthony Grecco.  PSR at ¶ 53.  Castelle joined the gambling business when

Grecco solicited Castelle's assistance in displacing a rival mafia member.  *Id.* at ¶ 54.  Castelle

provided that assistance, but extorted Grecco for $15,000 and 25% of the future gambling

profits.  *Id.*  Additionally, Castelle engaged in a wire fraud scheme in which he had a "no-show"

job at a construction site.  *Id.* at ¶ 56.  Despite rarely attending the site, company time sheets

reflected that Castelle worked for eight hours a day, five days a week.  *Id.*

Castelle was also charged with, but acquitted of, one count of attempted extortion.

*Id.* at ¶¶ 3, 55.  Castelle allegedly attempted to extort the founder of a construction and

demolition company in New York.  *Id.* at ¶ 55.  That attempt failed, however, because the

2

company in question—Breeze Demolition—was already aligned with the Bonanno Crime Family, another family in La Cosa Nostra.  *Id.*

In advance of trial, the Government made a plea offer to Castelle, under the terms of which the Government would accept a guilty plea to Count One (the illegal gambling charge) and would dismiss Count Two (the attempted extortion of Breeze Demolition) and Count Three (the wire fraud).  The Government made the offer shortly after Castelle's co-defendants Joseph Cammarano and John Zancocchio had been acquitted of the charges against them.  As part of its plea offer, the Government proposed an applicable Sentencing Guidelines range of eight to fourteen months' imprisonment.  Castelle's trial counsel—Gerald McMahon—recently served as Castelle's counsel in a related racketeering case in Brooklyn Supreme Court, in which Castelle achieved a favorable result.  Second McMahon Decl. at ¶ 8.  According to Castelle, McMahon advised him that he faced an estimated Guidelines range of 33 to 41 months' imprisonment if he were convicted on Counts One and Three but acquitted on Count Two.  *See id.*; McMahon Decl. at ¶ 3; Second McMahon Decl. at ¶ 10.  McMahon advised that this was just an estimate, and that the Government likely would request a longer sentence, up to the statutory maximum of 20 years imprisonment.  Second McMahon Decl. at ¶ 13.

Petitioner rejected his counsel's advice and chose to be tried.  The trial began May 21, 2019 and ended May 31, 2019 with a jury verdict finding Petitioner guilty of the first and third counts, illegal gambling and racketeering, and not guilty of the second count, attempted extortion.

In October 2019, I sentenced Castelle to an above-Guidelines sentence of 77 months' imprisonment, to be followed by three years' supervised release, a $100,000 fine, and forfeiture of $188,955 in criminal proceeds.  *See* Judgment, ECF No. 659.  I found by a

preponderance of the evidence that Castelle was culpable for the uncharged conduct of extorting Anthony Greco, Sent. Tr. at 5:12–15, 12:12–16, but declined to make a similar finding for the attempted extortion charge on which Castelle had been acquitted. *Id.* at 10:14–24. That lead to a base level of 22 and triggered a Guidelines range of 53 to 61 months. *See* PSR at ¶ 90. I then considered the Section 3553(a) sentencing factors, and imposed an above-guidelines sentence of 77 months, based upon Petitioner's recidivism, lack of remorse, and need for additional deterrence.

Petitioner appealed his conviction. On January 6, 2021, the Second Circuit affirmed and, on January 8, 2021, Petitioner was ordered to surrender to the Bureau of Prisons. Shortly after, Petitioner moved for compassionate release, arguing that he was at high risk of being infected of COVID-19, and that his family needed him. I denied the motion.

Petitioner now moves to vacate, set aside and correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 767. He moves also for release on bond pending determination of his Section 2255 petition. ECF No. 783. For the reasons discussed below, the motions are denied.

## DISCUSSION

### I. Legal Standard

To obtain collateral relief under Section 2255, a defendant must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000). This is a "significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

Where a motion for collateral relief under Section 2255 and the files and records of the case show conclusively that the prisoner is entitled to no relief, the court need not grant an

evidentiary hearing to determine the issues and to make findings of fact and conclusions of law. 28 U.S.C. § 2255(b); *see also Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir. 2009). Where appropriate, a court can refer to affidavits to "expand the record without conducting a full-blown testimonial hearing." *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001).  Such a "middle road" can avoid "delay, the needless expenditure of judicial resources, the burden on trial counsel and the government, and perhaps the encouragement of other prisoners to make similar baseless claims." *Id.* at 86.

## II. Analysis

Petitioner argues that he was denied effective assistance of counsel in violation of his Sixth Amendment rights when McMahon calculated the possible applicable sentencing guidelines range to be lower than the Court's ultimate calculation at sentencing and that, but for this error, he would have accepted the Government's plea offer and received a lesser sentence. *See generally* ECF No. 767.

To prevail on an ineffective assistance of counsel claim, a defendant has the burden of: (i) showing that his representation "fell below an objective standard of reasonableness" under "prevailing professional norms[,]" thereby overcoming the "strong presumption" that his counsel's conduct was reasonable and (ii) "affirmatively prov[ing] prejudice,"—that is, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 693–94 (1984); *accord. United States v. De La Pava*, 268 F.3d 157, 163 (2d Cir. 2001).

Under the first prong of the *Strickland* analysis, the reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, bearing in mind that there are countless ways to provide effective

assistance in any given case and that even the best criminal defense attorneys would not defend a particular client in the same way." *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990). A defendant's subjective belief that his trial counsel's strategic choices were inadequate is insufficient. *United States v. Sanchez*, 790 F.2d 245, 253 (2d Cir. 1986).

To satisfy the second prong, the defendant must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 693–94. A defendant cannot establish prejudice by merely showing that counsel's errors had "some conceivable effect" on the result; the question is whether the errors undermines the reliability of the proceeding. *See id.* at 693.

The Constitution does not guarantee a "right to be offered a plea [agreement] . . . nor a . . . right that the judge accept it." *Missouri v. Frye*, 566 U.S. 134, 148 (2012). However, "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 566 U.S. 156, 168 (2012). "As part of this advice, counsel must communicate to the defendant the terms of the plea offer, and should usually inform the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentence to which he will most likely be exposed." *Purdy v. United States*, 208 F.3d 41, 45 (2d Cir. 2000). Because "[r]epresentation is an art," *Strickland*, 466 U.S. at 693, counsel rendering advice may reasonably consider a range of factors, including "the defendant's chances of prevailing at trial, the likely disparity in sentencing after a full trial as compared to a guilty plea (whether or not accompanied by an agreement with the Government), whether the defendant has maintained his innocence, and the defendant's comprehension of the various factors that will inform his plea decision." *Purdy*, 208 F.3d at 45. When a defendant alleges that ineffective assistance of counsel caused him to reject the plea offer, a defendant can

establish prejudice only by showing a "reasonable probability" that he would have accepted the plea offer, that "the plea would have been entered without the prosecution cancelling it[,]" and that it would have resulted in "a plea to a lesser charge or a sentence of less prison time." *Frye*, 566 U.S. at 147. "Courts . . . must . . . look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Doe v. United States*, 915 F.3d 905, 912 (2d Cir. 2019) (citing *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)).

Petitioner fails to satisfy either *Strickland* prong. Petitioner's failure is clear from the trial record and affidavit of his trial counsel; an evidentiary hearing is not required or warranted. *Puglisi*, 586 F.3d at 214.

First, he has not demonstrated that McMahon acted unreasonably. McMahon based his calculations on the counts as charged, and advised Petitioner that the sentence could be longer, up to the statutory maximum. Petitioner was warned adequately of the risk he would take if he rejected the plea and went to trial. *Strickland* imposes a high burden on defendants to establish unreasonable conduct, and Petitioner fails to satisfy that burden. Counsel is not required to divine a result through a crystal ball.

McMahon urged Petitioner to accept the plea offer. Petitioner rejected counsel's advice, no doubt hoping that he could beat the case, as happened with Joseph Cammarano and John Zancocchio—Castelle's former co-defendants. Petitioner gambled and lost. As McMahon stated at sentencing, ECF No. 767, Ex. A, Petitioner declined the government's plea offer and chose trial. He cannot attribute his gamble to any inadequacy of counsel.

Petitioner also cannot establish prejudice. He says, without corroboration or proof, that he would have accepted the plea offer had McMahon told him of the sentence that he would get, but offers no proof that he would have accepted the government's offer of plea.

McMahon told Petitioner he could get up to the statutory maximum of up to 25 years, more than he received, and urged him to accept the plea, but Petitioner refused, electing instead to go to trial. Petitioner has not demonstrated that he would have accepted the plea offered to him, and thus he shows no prejudice.

Petitioner also cannot show, even if he pleaded guilty, that his sentence would not have been given an upwards variance to account for his racketeering recidivism, just as it was after trial and a jury verdict. I was no more obliged to sentence according to the Guidelines following a plea than following the jury verdict.

Accordingly, the petition for a writ of habeas corpus is denied. Because I find Petitioner's arguments meritless, his emergency motion for bond is denied as moot. The Clerk of the Court shall terminate the motions (ECF Nos. 767, 771,[2] 783). Additionally, the hearing conference scheduled for January 19, 2022 is canceled. I also decline to issue a Certificate of Appealability because Petitioner has "not made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c) (2), and because Petitioner has failed to identify a claim that jurists of reason would find debatable as to whether Petitioner was denied such a right. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

SO ORDERED.

Dated:        January 18, 2022
              New York, New York

              _____
              ALVIN K. HELLERSTEIN
              United States District Judge

---

[2] On June 23, 2021, Petitioner moved for an order compelling the Clerk of Court to send Petitioner a copy of the Declaration filed by trial counsel. ECF No. 771. I denied this motion as moot on June 25, 2021. ECF No. 773. The motion remained pending, and the Clerk of the Court shall terminate ECF No. 771.