```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
UNITED STATES OF AMERICA,                                    :
                                                             :   ORDER DENYING
                                                             :   DEFENDANT'S SECOND
         -against-                                           :   MOTION FOR
                                                             :   COMPASSIONATE RELEASE
                                                             :
EUGENE CASTELLE,                                             :   18 Cr. 15 (AKH)
                                                             :
                                                             :
                                        Defendant.           :
                                                             :
------------------------------------------------------------ X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Defendant Eugene Castelle ("Castelle") was convicted by a jury of participating in an illegal gambling business in violation of 18 U.S.C. § 1955, attempted extortion in violation of 18 U.S.C. § 1951, and participating in a racketeering conspiracy in violation of 18 U.S.C. § 1962(d).  (ECF No. 659.). He is serving a 77-month sentence.  His conviction and sentence were affirmed by the Second Circuit on January 6, 2021.  (ECF No. 736.)

    On February 23, 2021, Castelle filed an emergency motion to reduce his sentence and grant compassionate release, arguing that extraordinary relief was warranted because he was at high risk due to COVID-19, that his family needed him, and that awarding such relief was consistent with Section 3582(c) (ECF Nos. 744, 746); I denied the motion.  (ECF Nos. 752). Shortly thereafter, on May 25, 2021, Castelle filed a motion to vacate his sentence under Section 2255 on the grounds of ineffective assistance of counsel.  (ECF No. 767.)  On January 18, 2022,

1

I denied the motion, and denied a certificate of appealability. (ECF. No. 788.) The Second Circuit affirmed. (ECF No. 798.)

Castelle now moves a second time for compassionate release, arguing that there are extraordinary and compelling reasons for reducing his sentence and that the Section 3553(a) factors also favor such a reduction. (ECF No. 796.) As to the extraordinary and compelling reasons, he argues first that I made an error at sentencing in calculating the Sentencing Guidelines and sentenced him based on relevant conduct for which he had already served a term of imprisonment which ended in 2001 and, second, that he has recently been diagnosed with Stage 3 Chronic Kidney Disease. In addition, he argues that the Section 3553(a) factors favor his release because he has begun the process of atonement.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); however, a court may "reduce the term of imprisonment. . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Ogarro*, No. 18-cr-373-9 (RJS), 2020 WL 1876300, at *2 (S.D.N.Y. Apr. 14, 2020). The defendant bears the burden of showing he is entitled to this relief. *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). To meet this burden, a defendant must show that three conditions are satisfied: administrative exhaustion; satisfaction of the § 3553(a) factors; and extraordinary and compelling reasons. *United States v. Keitt*, 21 F.4th 67, 2021 U.S. App.

LEXIS 37888, at *11 (2d Cir. Dec. 22, 2021).  A district court may deny relief when any one of the conditions is lacking.  *Id.*  Further, if "a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) factors, it need not also determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction."  *Id.*

The motion is denied.  Castelle has failed to establish "extraordinary and compelling reasons" that would justify reducing his sentence.  As to the basis for his sentence, Castelle argues that he was sentenced based on conduct for which he had previously been convicted and served a term of imprisonment.  This is incorrect.  I calculated the Guidelines Range for his offense level based solely on the charged offense conduct.  I considered his prior criminal conduct at sentencing but only for purposes of determining his Criminal History category and applying the Section 3553(a) factors.  *See, e.g.*, Sentencing Transcript at 20:9–10, 13–14, ECF No. 663 ("I'm very bothered by the recidivism.  I'm really bothered by that.  88 months is a stiff sentence. . . . Mr. Castelle has shown that he doesn't want to be redeemed.").  Castelle has not shown that his sentence violated any law or guideline.

As to his diagnosis of Stage 3 Chronic Kidney Disease, Castelle offers no medical records or any other evidence to support his claim.  He fails to satisfy his burden of proof of showing "extraordinary and compelling reasons."  *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue," including where a "defendant seeks decreased punishment."); *see also United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam) (noting that a district court may "end its analysis if it determines that extraordinary and compelling reasons for granting the motion are absent").

3

The Section 3553(a) factors weigh heavily against a reduction of sentence. As I explained in my prior order denying his motion for a reduction in sentence, "reducing Castelle's sentence would fail to 'reflect the seriousness of the offense,' 'promote respect for the law,' 'provide just punishment,' or to 'protect the public from further crimes of the defendant.'" Order Denying Motion to Reduce Sentence at 5, ECF No. 752 (citing and quoting 18 U.S.C. § 3553(a)). Castelle claims that he has begun the process of atonement by "accepting responsibility for his behavior, by separating himself from the proverbial 'herd', and by committing himself to a law-abiding life with his kids upon his release." ECF No. 796 at 5–6. His record of recidivism suggests the contrary. Castelle has served less than half of the sentence imposed. He expresses no remorse for his conduct or the harm it has caused. He is not entitled to compassionate release.

Because Castelle has not shown "extraordinary and compelling reasons" warranting a reduction in sentence, and the relevant Section 3553(a) factors militate against a sentence reduction, the motion is denied. *See Keitt*, 21 F.4th 67, at *11–12 (finding no abuse of discretion where district court denied the defendant's motion to reduce his sentence solely in reliance on the applicable Section 3553(a) factors and without addressing every argument the defendant raised).

The Clerk of Court shall terminate ECF No. 796.

SO ORDERED.

Dated:     September 28, 2022          /s/ Alvin K. Hellerstein
              New York, New York      ALVIN K. HELLERSTEIN
                                              United States District Judge